UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| DAVID C. HEDGES, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 5: 24-127-DCR |
| ) | |
| v. ) | |
| ) | |
| DEPUTY THOMAS GORDON, et al., ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Defendants. ) | |

*** *** *** ***

David Hedges is an inmate confined at the Eastern Kentucky Correctional Complex in West Liberty, Kentucky. Hedges has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. [Record No. 1] The matter is pending for initial screening as required by 28 U.S.C. § 1915A. *See Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010).

Hedges states that while he was confined at the Bourbon County Detention Center ("BCDC") in Paris, Kentucky, he was not permitted to send mail or purchase items from the commissary. He further contends that he was sexually harassed while using the toilet and that personal property in his cell was damaged or stolen while he was absent during an attorney visit. [Record No. 1 at 5-6] Hedges names 38 deputies and officers as defendants (nearly half of them unidentified) and seeks between $8 and $70 billion in damages. *Id*. at 1-5, 12. He indicates that these events occurred between April 2021 and January 2022. [Record No. 1 at 6-7] Hedges also filed a certified statement of his inmate account. [Record No. 3] However, his motion to proceed *in forma pauperis* blank and unsigned. [Record No. 1-1]

-1-

This civil action will be dismissed for several reasons. First, Hedges did not pay the $405.00 filing fee or complete and sign a motion to proceed *in forma pauperis*. Therefore, he has failed to properly initiate a civil action in this Court. *See* 28 U.S.C. § 1914.

Second, while Hedges names 38 individuals as defendants, he makes no allegations against any of them in the body of his complaint. Rule 8(a) of the Federal Rules of Civil Procedure requires the complaint to advise each defendant what he allegedly did or did not do which forms the basis of the plaintiff's claims. *Grinter v. Knight*, 532 F. 3d 567, 577 (6th Cir. 2008); *see also Reilly v. Vadlamudi*, 680 F. 3d 617, 626 (6th Cir. 2012) ("Plaintiff must state a plausible constitutional violation against each individual defendant - the collective acts of defendants cannot be ascribed to each individual defendant."). Hedges' complaint fails to meet those minimum pleading requirements.

Third, and ore fundamentally, it is apparent that Hedges' claims are barred by the statute of limitations. A claim plainly barred by a limitations period may be dismissed upon initial screening. *Jones v. Bock*, 127 S.Ct. 910, 921 (2007) ("If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim."); *Norman v. Granson*, No. 18-4232, 2020 WL 3240900, at *2 (6th Cir. Mar. 25, 2020) ("Where a statute of limitations defect is obvious from the face of the complaint, sua sponte dismissal is appropriate.").

Because 42 U.S.C. § 1983 does not provide its own limitations period, federal courts apply the most analogous statute of limitations from the state in which the events occurred. *Zundel v. Holder*, 687 F.3d 271, 281 (6th Cir. 2012). And here, the events about which Hedges complains occurred in Kentucky. Therefore, Kentucky's one-year statute of limitations for asserting personal injuries applies. Ky. Rev. Stat. § 413.140(1)(a); *Bonner v. Perry*, 564 F.3d

424, 431 (6th Cir. 2009). Hedges states that his claims arose when he was confined at BCDC from April 2021 through January 2022.[1] Thus, his claims accrued no later than January 2022. *See Johnson v. Memphis Light Gas & Water Div.*, 777 F. 3d 838, 843 (6th Cir. 2015) (noting that a plaintiff's claims accrue once he "[knew or had] reason to know of the injury which is the basis of his action."). Hedges was required to file suit within one year, or no later than January 2023.[2] Because Hedges' complaint was filed at least fifteen months after the statute of limitations expired, his claims are time-barred and will be dismissed. Accordingly, it is hereby

**ORDERED** that this civil action is **DISMISSED** with prejudice and **STRICKEN** from the docket.

---

[1] Hedges suggests a lack of certainty about the exact dates during which he was confined at BCDC. [Record No. 1 at 6] However, in another civil action he filed with this Court on April 18, 2021, Hedges asserts that he had been transferred from the Montgomery County Jail to BCDC. *See Hedges v. Roberts*, Civil Action No. 5: 20-509-KKC-HAI (E.D. Ky. 2020) [Record No. 13 therein]. After mail sent to Hedges in December 2021 was returned as undeliverable, in January 2022 the Court *sua sponte* reviewed BCDC's website and concluded that Hedges remained confined there. [Record Nos. 22, 23 therein] In May 2022, Hedges filed a notice indicating that he had been transferred from BCDC on some earlier, unstated date. [Record No. 26 therein] These records support Hedges' understanding of his confinement period at BCDC. At the latest, Hedges was transferred from BCDC by May 2022, and his claims would still be time-barred.

[2] Hedges states that his inmate grievance about commissary purchases was promptly denied, and that he did not file any grievances about his other complaints because he did not know that he needed to file such grievances. [Record No. 1 at 9] Setting aside concerns about Hedges' evident failure to exhaust administrative remedies with respect to most of his claims, *see* 42 U.S.C. § 1997e(a), the limitations period was not tolled by Hedges' exhaustion efforts because he did not undertake any such efforts.

Dated: May 6, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky